IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN EDWARD PHILLIPS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:12-CV-4789-D-BK |
| | § | |
| JUANTS WATERS, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a Texas state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983.  For the reasons that follow, this case should be summarily dismissed as frivolous.

**I. BACKGROUND**

Plaintiff's *Amended Complaint* and *Answers to the Magistrate Judge's Questionnaire* are very difficult to decipher.  (Doc. 24, 26).  Apparently, Plaintiff seeks monetary damages against Defendant "Juants Waters," a Dallas judge, for false imprisonment and other matters relating to his underlying criminal conviction.  (Doc. 24 at 3-4; Doc. 26, ans. 1-5).  Plaintiff also requests that he be "ordered to be free[d]."  (Doc. 26, ans. 1).[1]

**II. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is

---

[1] This action was initially filed in the United States District Court for the Southern District of Texas, Corpus Christi Division, and transferred to this court.  According to online records of the Texas Department of Criminal Justice, Plaintiff is presently serving a 25-year sentence for murder.  *State v. Phillips*, No. F00-55880 (Dallas Cty. May 18, 2001).  According to PACER (Public Access to Court Electronic Records), Plaintiff has not challenged his murder conviction in a federal habeas proceeding.

immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

Plaintiff's request for release from confinement is not cognizable in this section 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 4889 (1973)) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"). In addition, "Judge Waters" is entitled to absolute immunity from the claim for damages. His/her actions during the court proceedings, which are the basis of this suit, were taken in his/her capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

Moreover, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Plaintiff's murder conviction. In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

In this case, a ruling in Plaintiff's favor on the claims pled "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Thus, since no court has reversed or invalidated Plaintiff's murder conviction,[2] his claims are clearly barred by *Heck.* Accordingly, Plaintiff's complaint should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck* barred claim is legally frivolous).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** with prejudice as frivolous. S*ee* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

SIGNED January 14, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's conviction, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

[3] Section 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE